THE AMERICAN BIBLE SOCIETY

*v.*

THE AMERICAN TRACT SOCIETY et al.

[Filed October 2d, 1901.]

An unincorporated charitable society is capable of taking a devise of real estate.

---

*Mr. Chauncey G. Parker,* for the complainant.

*Mr. Egbert J. Tamblyn,* for the defendants Nelson Reeve et al.

STEVENS, V. C.

Aaron S. Day died on March 1st, 1854. He left a will, by which he devised to his wife, during widowhood, his real estate. On her decease, or as soon as she should cease to be his widow, he gave the residue of his estate to certain charitable societies and, among others, to the American Home Missionary Society and to the American and Foreign Christian Union. These societies were unincorporated at the death of testator, but became so between his death and the death of his widow, in March, 1897. The only question argued was whether an unincorporated society is capable of taking a devise of real estate.

That a bequest of personal estate to such a society is good is beyond dispute. *Hadden* v. *Dandy, 6 Dick. Ch. Rep. 155; affirmed, 6 Dick. Ch. Rep. 330.*

It is contended, however, that a devise of realty differs from a bequest of personalty—*first,* because, in the case of a devise, there is no person in whom the legal title may vest, and *second,* because, in the case of land, the statute of frauds requires that all declarations and creations of trust or confidence shall be manifested and proved by some writing signed by the party, or by his last will in writing.

The first point seems to be without substance, for the reason that, assuming the devise to be in other respects valid, the legal title, if it cannot vest in the society, descends to the heir-at-law charged with the charitable use.

The second point seems to be also untenable. It is true that, in the case at bar, there is in the will itself no specification of the use to which the land devised shall be applied. Its language is:

"The residue of my estate * * * shall be disposed of as follows, that is to say, to * * * The American Home Missionary Society I give, &c., * * * to the American & Foreign Christian Union, I give," &c.

But, by necessary implication, a gift to the society is a gift in trust for its proper objects. Had the gift been, in terms, a gift in trust for those objects (not specifying them), it would have come directly within the authority of *De Camp* v. *Dobbins, 2 Stew. Eq. 36; S. C. on appeal, 4 Stew. Eq. 671;* for there extrinsic proof was received of what those objects were, with a view of showing that they were charitable. The gift was

"to promote the religious interests of the [North Reformed Dutch] Church and to aid the Missionary, educational and *benevolent* enterprises to which the said Church is in the habit of contributing,"

and the extrinsic proof was that all its benevolent enterprises were charitable. On this proof the gift was sustained. In *Norris* v. *Thompson, 5 C. E. Gr. 489,* it was held that a bequest to promote benevolent enterprises was void, as being too broad. In *Livesey* v. *Jones, 10 Dick. Ch. Rep. 204; S. C., 11 Dick. Ch. Rep. 453,* it was held that a bequest, *inter alia,* to promote the social welfare of the people was also void. If therefore the bequest in *De Camp* v. *Dobbins* had stood on the words of the will alone, it would have failed. But the chief-justice, in the court of appeals, said: "When therefore this will declares the trust and directs the property to be used to aid the missionary, educational and benevolent enterprises *to which the said church is in the habit of contributing,* the will itself provides a standard by which the word 'benevolent' is to be measured. The fund is not to be used to aid any benevolent enterprises, but only benevolent enter-

prises of a certain defined character—and they are charities. The word 'benevolent' is thus, by the context and *the subject-matter,* cut down into legal proportions." So here, if, as I have said, the devise had been to each society by name in trust to promote its proper objects, it would have been competent to show by extrinsic evidence what those objects were, and if it appeared, as from the constitutions of the societies it does appear, that those objects were exclusively religious, the devise would be held good. But to say that where the devise is, without more, to the society, it is invalid, but that where it is to the society to promote its proper objects (without specifying them), it is valid, is quite at war with legal principle and common sense. And for this obvious reason: The society is bound to use the property given to it for such objects, and for such objects only, as are mentioned in its constitution. Any other use would be illegal. Hence, to give to the *society,* is to give in trust for the objects of the society. This is the view taken by Mr. Justice Sharswood, in *Yard's Appeal, 64 Pa. St. 98.* He says, speaking of a devise to an unincorporated society by its name merely: "Though the purposes are not expressed, they must necessarily be intended to be applied to the benevolent objects for which these institutions were created, and they are all of them good charities," and he refers to the previous case of *Evangelical Association's Appeal, 11 Casey 318,* a case of a legacy, in which Judge Strong had said: "No one can doubt that the design of the testator was to consecrate his bounty to the uses to which the association has in view. His intent is as plainly manifested as it would have been if he had expressly declared that the legacies should be applied to the very uses for which the association was created and for which it exists. * * * Their own character determines the character of the gift." Other cases of devise in which this view prevailed are *Bartlett* v. *Nye, 4 Metc. 378; American Bible Society* v. *Wetmore, 17 Conn. 182.* I have been referred to some New York cases in which the contrary is held, but they are not in harmony with our decisions, and cannot be regarded as authoritative. It is held in New York that a bequest no less than a devise to an unincorporated society is void. This view has been repudiated by our court of appeals.

It may be remarked that the statute of wills, no less than the statute of frauds, requires the entire scheme of the charity to be in writing. *Smith* v. *Smith, 9 Dick. Ch. Rep. 1; S. C., 10 Dick. Ch. Rep. 821.* The chancellor, in deciding that controversy, was careful to distinguish between cases in which the reference in the will is either to existing schemes for the promotion of learning or religion, or to previously pronounced religious doctrines and to the ideas or plans of the testator himself—whether those ideas or plans were or were not embodied in some existent writing of his own (*dehors* the will). Under the statute of wills the trust must be indicated as completely in the case of personalty as of realty, and therefore, if it be held that charitable legacies to unincorporated societies are valid, for the reason that the name itself is a declaration of the use, on what ground can this implication be denied to the name in the case of charitable devises?